**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**JANUARY 1998 SESSION**


| | |
|---|---|
| **ROBERT J. DYER, JR.,** ) | |
| ) | |
| Petitioner, ) | **C. C. A. NO. 02C01-9612-CC-00443** |
| ) | |
| vs. ) | **HENDERSON COUNTY** |
| ) | |
| **STATE OF TENNESSEE,** ) | No. 95-066 |
| ) | |
| Respondent. ) | |

**FILED**

**January 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**


This case represents an appeal from the dismissal of the petitioner's second petition for post-conviction relief. The petitioner was originally convicted of first-degree murder, child kidnapping, forgery, passing forged paper and two counts of passing bad checks. This Court affirmed the convictions in 1992, and the petitioner apparently did not seek an appeal to the Supreme Court. The petitioner thereafter filed his first petition for post-conviction relief in 1992. After the appointment of counsel and an evidentiary hearing, the trial court denied relief. On appeal, this Court affirmed the denial of the trial court, Robert June Dyer, Jr. v. State, No. 02C01-9207-CC-00161 (Tenn. Crim. App., April 7, 1993), and the Supreme Court denied permission to appeal on August 2, 1993.

In the present petition, which was filed on May 23, 1995, the petitioner alleges that the trial court denied the petitioner a full and fair hearing on his first post-conviction petition. The post-conviction court dismissed the petition without a hearing stating that the petitioner failed to raise a colorable claim for which post-conviction relief can be granted.[1]

T.C.A. § 40-30-202(c) provides that no more than one petition for post-

---

[1] The record before the Court reflects that the petitioner did not timely file the notice of appeal. Pursuant to T.R.A.P. 4(a), however, we have decided to waive the timely filing in this case.

conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed a petition that was resolved on the merits by the trial court and by this Court on appeal, the petitioner's second petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's second petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of January, 1998.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

2